FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2013 APR 18  P 12: 13

CLERK US DISTRICT COURT
ALEXANDRIA VIRGINIA

| | |
|---|---|
| THOMAS SEHLER, MOHAMED SADIQUI, LORA HARTMAN, MONICA HARMISON, ALLISON COUGILL, ALICE DIXON, RONALD HANTZ, and ANNETTE POST, ) ) ) ) ) | Case No.: 1:13 cv 493 JCC TRJ |
| Plaintiffs, ) | **COMPLAINT** |
| v. ) ) | |
| PROSPECT MORTGAGE, LLC, ) ) | |
| Defendant. ) | |

Thomas Sehler, Mohamed Sadiqui, Lora Hartman, Monica Harmison, Allison Cougill, Alice Dixon, Ronald Hantz, and Annette Post ("Plaintiffs"), for their Complaint against Prospect Mortgage, LLC ("Defendant"), state as follows:

## PARTIES AND PROCEDURAL BACKGROUND

1.     Plaintiff Thomas Sehler ("Plaintiff Sehler") is an adult resident of Arlington, Virginia. Plaintiff Sehler worked as a loan officer for Defendant in an office in the Fairfax, Virginia area from approximately June 2008 until April 2009.

2.     Plaintiff Mohamed Sadiqui ("Plaintiff Sadiqui") is an adult resident of Arlington, Virginia. Plaintiff Sadiqui worked as a loan officer for Defendant in an office in the Fairfax, Virginia area from approximately October 2008 until November 2009.

3.     Plaintiff Lora Hartman ("Plaintiff Hartman") is an adult resident of Hume, Virginia. Plaintiff Hartman worked as a loan officer for Defendant in an office in the Ashburn, Virginia area from approximately October 2009 until July 2010.

4.      Plaintiff Monica Harmison ("Plaintiff Harmison") is an adult resident of Ashburn, Virginia. Plaintiff Harmison worked as a loan officer for Defendant in an office in the Ashburn, Virginia area from approximately June 2009 until September 2009.

5.      Plaintiff Allison Cougill ("Plaintiff Cougill") is an adult resident of Richmond, Virginia. Plaintiff Cougill worked as a loan officer for Defendant in an office in the Richmond, Virginia area from approximately October 2007 until October 2011.

6.      Plaintiff Alice Dixon ("Plaintiff Dixon") is an adult resident of Richmond, Virginia. Plaintiff Dixon worked as a loan officer for Defendant in an office in the Richmond, Virginia area from approximately October 2007 until February 2010.

7.      Plaintiff Ronald Hantz ("Plaintiff Hantz") is an adult resident of Washington, D.C. Plaintiff Hantz worked as a loan officer for Defendant in an office in the Fairfax, Virginia area from approximately January 2007 until October 2009.

8.      Plaintiff Annette Post ("Plaintiff Post") is an adult resident of Richmond, Virginia. Plaintiff Post worked as a loan officer for Defendant in an office in the Richmond, Virginia area from approximately February 2008 until July 2009.

9.      Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Virginia. According to its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

10.     On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United

2

States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief. (hereinafter referred to as "*Sliger*" or "the *Sliger* matter.") On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the *Sliger* plaintiffs' motion for FLSA conditional certification and authorized the *Sliger* plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis. (*See Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

11.     Plaintiff Sehler opted-in to the *Sliger* matter on November 21, 2011. (*See* Ex. A.)

12.     Plaintiff Sadiqui opted-in to the *Sliger* matter on November 15, 2011. (*See* Ex. A.)

13.     Plaintiff Hartman opted-in to the *Sliger* matter on August 26, 2011. (*See* Ex. A.)

14.     Plaintiff Harmison opted-in to the *Sliger* matter on November 16, 2011. (*See* Ex. A.)

15.     Plaintiff Cougill opted-in to the *Sliger* matter on November 16, 2011. (*See* Ex. A.)

16.     Plaintiff Dixon opted-in to the *Sliger* matter on November 28, 2011. (*See* Ex. A.)

17.     Plaintiff Hantz opted-in to the *Sliger* matter on January 6, 2012. (*See* Ex. A.)

18.     Plaintiff Post opted-in to the *Sliger* matter on November 21, 2011. (*See* Ex. A.)

19.     By stipulation of the parties, the Court decertified the *Sliger* matter on January 23, 2013. (Ex. B.) The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (*Id.*) In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the *Sliger* matter until April 23, 2013. (*Id.*)

3

20.     Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked over forty hours per week without overtime compensation. Plaintiffs seek relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. § 201 *et seq*.

22.     Venue is proper in the United States District Court, Eastern District of Virginia pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

23.     Defendant employed Plaintiffs as loan officers.

24.     Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA and state law.

25.     Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

26.     Defendant paid Plaintiffs on a commission-only basis.

27.     Plaintiffs routinely worked in excess of forty hours per week for Defendant.

28.     Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

4

29.     Defendant is in the business of selling mortgages. Plaintiffs' work is and was directly related to mortgage sales.

30.     Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

31.     Defendant's unlawful conduct has been widespread, repeated and consistent.

32.     Defendant is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

33.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiffs.

## VIOLATION OF FAIR LABOR STANDARDS ACT
### (Overtime Violations)

34.     Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

35.     At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

36.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

37.     By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.     Plaintiffs seeks damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. An award in an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon;

E. An award of prejudgment interest to the extent liquidated damages are not awarded;

F. Leave to amend to bring additional claims, including but not limited to claims for unpaid minimum wages under the FLSA; and

G. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

> Respectfully Submitted,
> Plaintiffs Thomas Sehler Mohamed Sadiqui, Lora Hartman, Monica Harmison, Allison Cougill, Alice Dixon, Ronald Hantz, and Annette Post, and

*By Counsel*

Dated: April 18, 2013

R. Scott Oswald, Esq.
VSB# 41770
Nicholas Woodfield, Esq.
VSB# 48938
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com

Curtis P. Zaun
MN Bar No. 266310*
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Email: czaun@nka.com

*pro hac vice application forthcoming

**Attorneys For Plaintiffs**

# EXHIBIT A

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: ___11/15/11___     _Alison D. Cowgill_____
                          Signature

                          _Alison D. Cowgill_____
                          Print Name

REDACTED

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/20/11

Signature

_Alice Dixon_
Print Name

REDACTED

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _01/05/12_

_Ronald Hentz_
Signature

_Ronald Hentz_
Print Name

REDACTED

Return this form by
fax, email, or mail to:

Nichols Kaster, PLLP, Attn: Robert Schug
Fax: (612) 215-6870
Email: rschug@nka.com
Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
Web:  www.nka.com and www.overtimecases.com

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
    against my current/former employer, Prospect Mortgage, to recover overtime pay and/or
    minimum wage.

2.  During the past three years, there were occasions when I worked over 40 hours per week as a
    loan officer.

3.  I understand that I may withdraw my consent to proceed with my claims at any time by
    notifying the attorneys handling the matter.

Date: 11/15/11

_Monica J. Harmison_
Signature

MONICA J. HARMISON
Print Name

REDACTED

Return this form by        Nichols Kaster, PLLP, Attn: Robert Schug
fax, email, or mail to:    Fax: (612) 215-6870
                           Email: rschug@nka.com
                           Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
                           Web: www.nka.com and www.overtimecases.com

# PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wages.

2.  During the past three years, there were occasions when I worked over 40 hours per week as a loan officer, and did not receive proper compensation for all of my hours worked, including overtime pay and/or minimum wages.

3.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Prospect Mortgage.

4.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 8/24/11

Signature

Lora M. Hartman
Print Name

REDACTED

Return this form by
fax, email or mail to:

Nichols Kaster, PLLP, Attn: Robert Schug
Fax: (612) 215-6870
Email: rschug@nka.com
Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
Web: www.nka.com and www.overtimecases.com

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: __11·11·2011__

_____
Signature

__Annette M. Post__
Print Name

REDACTED

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/12/11

Signature

Print Name   Mohamed Sadiqui

REDACTED

Return this form by       Nichols Kaster, PLLP, Attn: Robert Schug
fax, email, or mail to:    Fax: (612) 215-6870
                           Email: rschug@nka.com
                           Address: 4600 IDS Center, 80 S. 8th St., Minneapolis, MN 55402
                           Web: www.nka.com and www.overtimecases.com

## PROSPECT MORTGAGE
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Prospect Mortgage, to recover overtime pay and/or minimum wage.

2. During the past three years, there were occasions when I worked over 40 hours per week as a loan officer.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11-11-2011

_____
Signature

THOMAS SEHLER

_____
Print Name

REDACTED

# EXHIBIT B

1 | SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
2 | E-mail: apaley@seyfarth.com
2029 Century Park East, Suite 3500
3 | Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
4 | Facsimile: (310) 201-5219

5 | SEYFARTH SHAW LLP
Alfred L. Sanderson, Jr. (SBN 186071)
6 | E-mail: asanderson@seyfarth.com
Brandon R. McKelvey (SBN 217002)
7 | E-mail: bmckelvey@seyfarth.com
400 Capitol Mall, Suite 2350
8 | Sacramento, California 95814-4428
Telephone: (916) 448-0159
9 | Facsimile: (916) 558-4839

10 | Attorneys for Defendant
PROSPECT MORTGAGE, LLC

11

UNITED STATES DISTRICT COURT

12

EASTERN DISTRICT OF CALIFORNIA

13

SACRAMENTO

14

| | |
|---|---|
| 15 ELIZABETH SLIGER, CAROL DION and SCOTT AVILA, individually, on behalf of 16 others similarly situated, and on behalf of the general public, | Case No. 2:11-CV-00465-LKK-EFB **FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; ORDER DECERTIFYING COLLECTIVE ACTION** |
| 17 Plaintiffs, | |
| 18 v. | |
| 19 PROSPECT MORTGAGE, LLC, and DOES 1-50, inclusive, | Complaint Filed: October 18, 2010 |
| 20 Defendants. | |

21

22

23

24

25

26

27

28

1

1         IT IS HEREBY STIPULATED, by and between CAROL DION and SCOTT AVILA

2 ("Plaintiffs") and PROSPECT MORTGAGE, LLC ("Defendant" or "Prospect"), through their

3 respective undersigned counsel, as follows:

4         WHEREAS, Plaintiffs have brought this lawsuit against Defendant alleging that they and

5 other mortgage loan officers throughout the country were misclassified as exempt employees and

6 are entitled to overtime, minimum wage, and other compensation under federal and California

7 wage-hour laws;

8         WHEREAS, Plaintiffs filed their Motion for Conditional Certification on June 28, 2011;

9         WHEREAS, this Court partially granted Plaintiffs' motion for conditional certification

10 under section 216(b) of the Fair Labor Standards Act ("FLSA") on August 24, 2011 (ECF No.

11 71) and ordered that notice be provided to all current and former loan officers paid on a

12 commission-only basis who worked for Prospect at any time from three years prior to date notice

13 issued to the present;

14         WHEREAS, notice was sent to the collective in November 2011 and then supplemental

15 notice was sent in January 2012 with the supplemental notice period ending on March 27, 2012;

16         WHEREAS, approximately 595 individuals have filed consents to join this lawsuit that

17 have not been withdrawn;

18         WHEREAS, over the last year the parties have conducted written discovery and taken a

19 number of depositions, including the depositions of the named plaintiffs and depositions of

20 multiple Rule 30(b)(6) witnesses;

21         WHEREAS, over the last several months the parties have been actively engaging in

22 settlement discussions to resolve the claims that Plaintiffs have asserted in this litigation;

23         WHEREAS, counsel for all parties met in Los Angeles on May 16, 2012 and July 19,

24 2012, to discuss settlement and explore potential resolution;

25         WHEREAS, counsel have exchanged data and other information over the last several

26 months in a mutual effort to further explore potential resolution;

27         WHEREAS, the parties participated in a day-long mediation in San Francisco on

28 September 21, 2012 but were unable to resolve the matter;

FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
15198552v.2

1      WHEREAS, Defendant has notified Plaintiffs that it intends to file a motion to decertify

2  the FLSA collective action;

3      WHEREAS, the parties agree that to avoid the cost and expense of discovery and motion

4  practice associated with a motion to decertify the collective, the parties will stipulate that this

5  matter should no longer proceed as a collective action under 29 U.S.C. § 216(b) and that the

6  individual opt-in plaintiffs, who so choose, may pursue their individual claims in other forums;

7      WHEREAS, the parties agree that all opt-in plaintiffs should be dismissed from the

8  action without prejudice to refile their individual claims in other forums;

9      WHEREAS, the parties further agree that the statutes of limitations with respect to the

10  claims asserted in this lawsuit for each individual plaintiff have been tolled since the date that the

11  individual plaintiff filed a consent form in this action, and in the event that Defendant raises the

12  statute of limitations in any action brought by any of the opt-in plaintiffs following

13  decertification, it agrees to extend any limitations period it asserts by 90 days;

14      WHEREAS, the parties further agree that the claims of the named Plaintiffs (Scott Avila

15  and Carol Dion) should not be affected by this stipulation and will continue to proceed

16  individually in this Court on the schedule set forth in the Court's latest scheduling order; and

17      IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and

18  Defendant, through their respective undersigned counsel, that:

19      (1)    The collective action previously conditionally certified on August 24, 2011 (ECF

20  No. 71) be decertified pursuant to this joint stipulation and that this case no longer proceed as a

21  collective action under 29 U.S.C. § 216(b);

22      (2)    All opt-in plaintiffs (other than Carol Dion and Scott Avila) who have filed

23  consent forms in this action should be dismissed without prejudice so that those who so choose

24  may refile their individual claims in other forums;

25      (3)    The statutes of limitations with respect to the claims asserted in this lawsuit for

26  each individual plaintiff have been tolled since the date that the individual plaintiff filed a

27  consent form in this action, and in the event that Defendant raises the statute of limitations in any

28

3

1  action brought by any of the opt-in plaintiffs following decertification, it agrees to extend any

2  limitations period it asserts by 90 days;

3       (4)    The named Plaintiffs, Scott Avila and Carol Dion, will continue to proceed

4  individually without any tolling in this Court on the schedule set forth in the Court's latest

5  scheduling order; and

6       (5)    Plaintiffs' counsel shall provide all of the opt-in plaintiffs with notice via U.S.

7  Mail of the Court's Order to decertify the collective action. The notice that Plaintiffs' counsel

8  shall provide to all opt-in plaintiffs shall be in the form attached as Exhibit A.

9       IT IS SO STIPULATED.

10  DATED: January 22, 2013             NICHOLS KASTER, LLP

11

12                            By:_____s/ Matthew C. Helland_____
                               Matthew C. Helland

13                            Attorneys for Plaintiffs
                        CAROL DION and SCOTT AVILA, et al.

14

15  DATED: January 22, 2013             SEYFARTH SHAW LLP

16

17                            By___s/ Brandon R. McKelvey___
                              Andrew M. Paley
                              Brandon R. McKelvey

18                          Attorneys for Defendants
                        PROSPECT MORTGAGE, LLC

19

20

21

22

23

24

25

26

27

28

FURTHER AMENDED STIPULATION TO DECERTIFY COLLECTIVE ACTION; [PROPOSED] ORDER
15198552v.2

**ORDER**

IT IS HEREBY ORDERED:

    (1)    The collective action previously conditionally certified on August 24, 2011 (ECF No. 71) is hereby decertified and this case shall no longer proceed as a collective action under 29 U.S.C. § 216(b);

    (2)    All opt-in plaintiffs (other than the named Plaintiffs Carol Dion and Scott Avila) who have filed consent forms in this action are hereby dismissed without prejudice so that those who so choose may refile their individual claims in other forums;

    (3)    The named Plaintiffs, Scott Avila and Carol Dion, will continue to proceed individually without any tolling in this Court on the schedule set forth in the Court's latest scheduling order; and

    (4)    Plaintiffs' counsel shall provide notice of this Order to all opt-in plaintiffs via U.S. Mail. The notice sent to the opt-in plaintiffs will be in the form attached as Exhibit A to the parties' stipulation

IT IS SO ORDERED.

Date: January 23, 2013

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5

```
Court Name: United States District Court
Division: 1
Receipt Number: 14683035574
Cashier ID: dvansetr
Transaction Date: 04/18/2013
Payer Name: THE EMPLOYMENT LAW GROUP
------------------------------------
CIVIL FILING FEE
 For: THE EMPLOYMENT LAW GROUP
 Case/Party: D-VAE-1-13-CV-000473-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: THE EMPLOYMENT LAW GROUP PC
 Check/Money Order Num: 32762
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

1:13CV473
```

JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Thomas Sehler, Mohamed Sadiqui, Lora Hartman, Monica Harmison, Allison Cougill, Alice Dixon, Ronald Hantz, and Annette Post | Prospect Mortgage, LLC |

**(b)** County of Residence of First Listed Plaintiff   Arlington, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900 Washington D.C. 20006
(202)-261-2814

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excl. Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 751 Family and Medical | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | Leave Act | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ❏ 791 Empl. Ret. Inc. | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate | | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | **Habeas Corpus:** | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | ❏ 530 General | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | |
| | Other | ❏ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ❏ 448 Education | Conditions of | ❏ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b)
Brief description of cause:
Unpaid wages

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/18/2013

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____